IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOBBY J. YOUNG

         v.         C.A. NO. 15-1092

BRIAN CONNELLY, et al.

## MEMORANDUM OPINION

SCHMEHL. J.  /s/ JLS         FEBRUARY 29, 2016

    Plaintiff, an inmate currently incarcerated at the State Correctional Institution at Graterford, brought this civil rights action under 42 U.S.C. § 1983 against the George W. Hill Correctional Facility (GWH) and Brian Connelly ("Connelly"), the mailroom supervisor at GWH, and Sergeant Smith ("Smith"), an official at GWH. Plaintiff also filed a petition to proceed in forma pauperis. By previous Order, the petition to proceed in forma pauperis was granted and the Complaint was dismissed as to defendant GWH as frivolous under 28 U.S.C. § 1915(e) . (ECF 4). The Order further directed that the Complaint was to be filed against the remaining two individual defendants and summons were to issue. (Id.).  Presently before the Court is the individual defendants' motion to dismiss under Rule 12 (b)(6) for failure to state a claim. For the reasons that follow, the motion is granted.

    To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A complaint has facial plausibility when there is enough

factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 55 U.S. 662, 678 (2009). A court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. Cnty of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). Legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements are to be disregarded. Santiago v. Warminster Twp., 629 F. 3d 121, 128 (3d Cir. 2010).

Plaintiff alleges that while he was incarcerated at GWH on November 20, 2014, he was prepared to sign for his legal mail from Connelly but stopped when he was informed by Connelly that he was not entitled to the envelope the legal mail allegedly was delivered in. (ECF 7). Three hours later, Smith confirmed that plaintiff was not entitled to the legal envelope his legal mail was delivered in. (Id.). Because plaintiff could not receive the legal envelope, he would not sign for his legal mail. (Id.). Since plaintiff would not sign for his legal mail, defendants refused to give plaintiff his legal mail. (Id.).  Plaintiff alleges that because he did not receive his legal mail, he suffered adverse consequences at a child custody hearing. (Id.).

Plaintiff simply has no constitutional right to the legal envelope his legal mail was delivered in. If plaintiff wanted his legal mail, all he had to do was sign for the mail pursuant to prison policy which is clearly established in plaintiff's own exhibits. (ECF 13, Ex. A).  Since, it is clear that plaintiff refused to sign for his legal mail without the envelope, he was not entitled, pursuant to the prison policy, to receive his legal mail.  See, Barnes v. Brooks, 1992 WL 3174, p. 4 (D.N.J. 1992) ("plaintiff's claim that he had to sign for the mail does not amount to a constitutional violation under § 1983.").

Furthermore, based on plaintiff's allegations, allowing plaintiff to amend the Complaint would be futile.  Accordingly, the defendants' motion to dismiss is granted with prejudice.